IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO LAVOCIA WARD,
D.O.C. # 442770,

    Plaintiff,

vs.                                                                          Case No. 4:15cv331-RH/CAS

BILL PROCTOR, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, submitted a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed in forma pauperis, doc. 2. These documents have been reviewed as required by 28 U.S.C. § 1915A.

    In the complaint, Plaintiff admits that he has filed several prior federal cases: case no. 3:04cv210, case no. 3:11cv913, and case no. 3:04cv917. Plaintiff advises that he filed five other cases, but states he lost the information for those cases. Doc. 1 at 8. The five other case numbers provided are not federal case numbers but appear to be state court actions. *Id.*

    Plaintiff did not, however, acknowledge having filed these additional cases in federal court, all of which have been verified as having been filed by Plaintiff by

n/a

comparison of Plaintiff's Department of Corrections inmate number (442770): (1) case no. 3:13cv773, filed on July 1, 2013, and dismissed on July 17, 2013, for failing to use a complaint form, identify the defendants, list prior federal cases, and pay the filing fee or submit an affidavit of indigency; (2) case no. 3:01cv29, filed on January 9, 2001, and dismissed on January 19, 2001, because Plaintiff falsely reported that he had not filed any other lawsuits in federal court and because the claims were unexhausted; (3) case no. 3:13cv1388, filed on November 8, 2013, and dismissed on December 3, 2013, for failing to use a complaint form, identify all defendants, list prior federal cases, and pay the filing fee or submit an affidavit of indigency; (4) case no. 1:97cv2806, a class action lawsuit filed in S.D. Florida, but eventually transferred to M.D. Florida; (5) case no. 3:08cv761, filed on August 1, 2008, by twelve pro se prisoners, and dismissed as to eleven prisoners (including Plaintiff) under Hubbard v. Haley[1] shortly thereafter prior to service; (6) case no. 3:12cv823, filed on July 19, 2012, and dismissed on July 25, 2012, for failing to use a complaint form and pay the filing fee or submit an affidavit of indigency; (7) case no. 3:10cv1133, filed on December 10, 2010, and dismissed on February 4, 2011, because a plaintiff may not remove a case from state court.  Plaintiff also filed three federal habeas petitions that he did not acknowledge either: case no. 3:08cv319, case no. 3:06cv366, and case no. 3:4cv607.

Plaintiff submitted his complaint on the complaint form used in this Court, and required by the Local Rules of this Court.  N.D. Fla. Loc. R. 5.1(J)(2).[2]  The complaint

---

[1] Hubbard precludes multiple plaintiff-prisoners from proceeding in one action and splitting the cost of filing fee.

[2] Rule 5.1 provides that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 or 2000e (Title VII), 28 U.S.C. §§ 1331 or 1346, shall be considered by

Case No. 4:15cv136-WS/CAS

form requires prisoners "to disclose **all** prior civil cases" and warns that failure to do so "may result in the dismissal of this case." See doc. 1 at 4 (emphasis in original). Question D of the complaint form also requires the identification of "each and every case" dismissed as "frivolous, malicious, failing to state a claim, or prior to service." *Id.* at 5. Plaintiff acknowledges having one case dismissed as frivolous, malicious, failing to state a claim, or prior to service - the appeal of the dismissal of case no. 3:11cv913. Doc. 1 at 5. However, Plaintiff should have also listed many other cases because most of his prior cases were dismissed prior to service. See case no. 3:13cv773, case no. 3:01cv29, case no. 3:13cv1388, case no. 3:08cv761, case no. 3:12cv823, and case no. 3:10cv1133. Plaintiff has not honestly disclosed his prior litigation, nor has he properly identified all relevant cases in response to Question D.

In Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), *abrogated in part by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (holding that exhaustion is an affirmative defense), the Eleventh Circuit held that a "strike" may be imposed when a prisoner fails to truthfully and/or completely disclose prior lawsuits. Rivera, 144 F.3d at 731. Such actions are abuse of the judicial process and, whether or not characterized by a court as "frivolous" or "malicious," it is a strike. 144 F.3d at 731; *see also* Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (affirming dismissal as "an abuse of judicial process and issuing a strike" when prisoner failed to disclose all prior cases); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (same). This case should be dismissed with a strike because Plaintiff did not honestly disclose his

---

the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Forms for filing a complaint are available from the Clerk's Office and are provided without charge.

Case No. 4:15cv136-WS/CAS

prior litigation. Additionally, these three dismissals also count as strikes: (1) case no. 3:13cv773 (dismissed among other reasons for failing to list prior federal cases), (2) case no. 3:01cv29 (dismissed for falsely reporting Plaintiff had not filed any other federal lawsuits), and (3) case no. 3:13cv1388 (dismissed among other reasons for failing to list prior federal cases). Considering the discovery of those three strikes along with the admitted dismissal by the Eleventh Circuit of Plaintiff's appeal in case 3:11cv913 as frivolous, *see* doc. 1 at 5, reveals that Plaintiff has incurred more than three strikes under 28 U.S.C. § 1915(g).

Because Plaintiff has three strikes under § 1915(g), it must be determined whether Plaintiff presents allegations indicating he is in imminent danger of serious physical injury.[3] Here, Plaintiff lists as Defendants persons who were members of the Leon County Board of Commissioners, former Department of Corrections Secretary Michael D. Crews, and Leon County, Florida. Doc. 1 at 2-3. None of those persons are located with Plaintiff and, thus, he is not under imminent danger of any physical injury. Moreover, Plaintiff's allegations do not concern any of the named Defendants. Instead, Plaintiff complains that he has been sanctioned by the Florida First District Court of Appeal and directed to not file any further "appeals or petitions challenging the judgment and sentence in Duval County Circuit Court case no.: 16-1998-CF-004802-DXXX-MA. Doc. 1 at 10. Plaintiff contends he is denied access to the courts, *Id.* at 14, and Plaintiff

---

[3] That statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:15cv136-WS/CAS

seeks compensatory damages and injunctive relief. *Id.* at 15. The claims do not bring Plaintiff within the exception to § 1915(g) as Plaintiff never alleges suffering any physical injury. Thus, Plaintiff's case may not proceed in this Court absent payment in full of the filing fee ($400.00) at the time of case initiation.

Because Plaintiff has had more than three prior § 1915(e)(2)(B) dismissals and has not shown that he faces imminent danger of serious physical injury, his motion seeking leave to proceed in forma pauperis, doc. 2, should be denied and this action dismissed. Dismissal should be without prejudice as Plaintiff may re-file this action and present these same allegations in a complaint for which he simultaneously pays the full $400.00 filing fee at the time of case initiation. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**